CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2015 SEP 29 PM 2: 33

DEPUTY CLERK _____

## FACTUAL RESUME

UNITED STATES OF AMERICA

v.

DOROTHY STEGALL BARNES
2:15-CR-074-J

Defendant is pleading guilty to Count One of the Indictment.

INDICTMENT: 18 U.S.C. § 657 – Embezzlement from a Federally Insured Credit Union.

MAXIMUM PENALTY: Imprisonment for a period of not more than **thirty (30) years**; a fine not to exceed **$1,000,000**; and a term of supervised release of up to **five (5) years**.

If the defendant violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release and be subject to additional supervised release.

The defendant may also be required to make restitution to victims or to the community, which may be mandatory under the law, and which defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone, and pay costs of incarceration and supervision.

ASSESSMENT: Pursuant to 18 U.S.C. § 3013(a), a mandatory assessment of **$100.00** will be made.

ELEMENTS: *First*: That the defendant was an employee of Pantex Federal Credit Union in Borger, Texas;

*Second*: That the accounts of Pantex Federal Credit Union were federally insured at the time alleged;

*Third*: That the defendant knowingly embezzled or willfully misapplied funds, monies, and other things of value belonging to and entrusted to the care of Pantex Federal Credit Union;

*Fourth*: That the defendant acted with intent to injure or defraud the institution; and

*Fifth*: That the amount of money taken was more than $1,000.

To "embezzle" means to wrongfully, intentionally take money or property of another after the money or property has lawfully come within the possession or control of the person taking it. No particular type of moving or carrying away is required.

To "willfully misapply" money or property of the lending, credit, or insurance institution means to intentionally convert such money or property to one's own use and benefit or to the use and benefit of another, knowing that one had no right to do so.

To act with "intent to defraud" means to act with intent to deceive or cheat someone

FACTS: From in or about September 1996 continuing through in or about ~~December~~ November 2010, in the Amarillo Division of the Northern District of Texas, and elsewhere, Dorothy Stegall Barnes, also known as Dorothy Stegall Newman, defendant, being an employee, namely the Assistant Vice-President of Teller Operations, of the Pantex Federal Credit Union, in Borger, Texas, the deposits of which were insured by the National Credit Union Administration Board, while acting with intent to injure and defraud the said Pantex Federal Credit Union, did knowingly embezzle, abstract, purloin, and willfully misapply the moneys and funds and other things of value belonging to and otherwise entrusted to the care, custody and control of the said Pantex Federal Credit Union, of a value exceeding $1,000, that being approximately $826,000.

On October 4, 2014, the President of Pantex Federal Credit Union (PFCU) arrived at work and was met by Dorothy Stegall Barnes. Barnes, who was the Assistant Vice-President of Teller Operations at PFCU, told the President that a teller had suddenly quit. The President asked Barnes to count the teller's vault. The President asked Barnes later in the morning how it was going and she told him that the vault was short $380,000. The vault was recounted and the

**Dorothy Stegall Barnes**
**Factual Resume – Page 2**

shortage was determined not to be a clerical error. An auditor was brought in the next day. During the process, the auditor found a transaction traced to Barnes in which she made a transfer of $826,000 to her teller vault. Barnes then approached bank officials and admitted taking the $826,000 over a number of years, but denied any involvement in the missing $380,000. Barnes said she took the money to pay for her late husband's "toys" and would make cash receivable tickets and then issue expense checks, making sure they stayed under $10,000. She also said that to avoid detection, she would move money between her cash drawer and her vault to make her vault balance.

Officials at PFCU contacted the Borger Police Department. Barnes was interviewed by a detective from the Borger Police Department. Barnes admitted again that she had taken the $826,000 and avoided detection during audits by making transactions to make her teller vault balance. Barnes stated that she took the money by making cash in tickets and issuing a check to pay for items. According to Barnes, she embezzled money from PFCU in different ways. In the beginning, she simply took cash from her vault or drawer and deposited it into her personal account at Amarillo National Bank. She then paid bills from her ANB account.

The FBI joined the investigation after the auditors had further confirmed that $826,000 of funds from PFCU was missing. Barnes was also interviewed by the FBI and she admitted taking the money. According to Barnes, at one point she switched methodologies in how she took the money and began issuing official PFCU checks to pay her bills. She would make it look as though some other member had brought in cash and purchased the PFCU check. Barnes picked whatever member she had dealt with recently on some other matter. Barnes created a fictitious cash-in ticket to her drawer or vault. Since no cash actually came in, this created a shortage in her drawer which she had to conceal on her cash counts. Whenever she was audited, she would have to create a transfer entry between her drawer and her vault, after the first one was counted, but before the second one was counted, in order for everything to balance.

PFCU officials located copies of the PFCU checks that Barnes issued to pay her bills and other expenses between approximately 1996 to ~~December~~ *November* 2010. PFCU's deposits were insured by the National

Dorothy Stegall Barnes
Factual Resume – Page 3

Credit Union Administration Board from September 1996 to December 2010 and are currently insured by the NCUA Board. Barnes was an employee of PFCU during this same time period.

STATUS:   On bond.

I, Dorothy Stegall Barnes, defendant in the above case, hereby state that the facts set forth herein are true and correct.

Dated: 9-25-15

*Dorothy Stegall Barnes*
Dorothy Stegall Barnes
Defendant

Witnessed By:

*William E. Kelly*
William E. Kelly
Attorney for Defendant

**Dorothy Stegall Barnes**
**Factual Resume – Page 4**